## GEORGIA B. CRATER

*v.*

## M. HENRY CRATER.

An order was granted to show cause why a defendant's share, as an heir at law, of moneys in the hands of commissioners in partition of his father's lands, should not be applied to the payment of a fee of complainant's counsel, such payment having been previously ordered.— *Held*, that, such share appearing to have been *bona fide* assigned, it could not be reached; nor (of course) could the *bona fides* or consideration of the assignment, to the same person, of a legacy to the defendant from his uncle, be tried in this proceeding.

---

On order to show cause.

*Mr. S. H. Baldwin*, for complainant.

*Mr. J. H. Neighbor*, for Elias Crater.

THE CHANCELLOR.

Under an order to show cause why the defendant's share, as one of the heirs at law of his father, of money in the hands of a commissioner in partition, should not be applied to the payment of a counsel fee ordered to be paid to the complainant's counsel in this suit, testimony has been taken to establish the defendant's right not only to that money, but also to a share of a legacy under his deceased uncle's

will.  He appears to have assigned his interest in the first-mentioned money to his brother Elias Crater, by assignment dated February 14th, 1877, and the other interest to the same person, by two assignments (one confirmatory of the other), dated respectively March 11th and April 3d, 1879. The complainant insists that the last-mentioned two assignments are fraudulent, and that the first, though absolute on its face, and for the consideration of $200, was, in fact, merely by way of mortgage to secure to the assignee that sum, with interest thereon.  A considerable amount of testimony has been taken, under the order, on these points.

The object of the order was to reach money, due the defendant, in the hands of the commissioner, and if it had appeared that it had been assigned by a merely colorable assignment, made for the purpose of defeating the order of the court for the payment of the counsel fee, such assignment would not have stood in the way of an order to reach and apply the money.  It appears, however, that the assignment is not of that character.  The assignee claims that, under it, he is entitled absolutely to the share, and has been, ever since the date of the assignment.  No order will be made in this proceeding adversely to him, as to that money. And, as to the other assignments, the *bona fides* and consideration of them obviously cannot be tried in this proceeding.

The order to show cause will be discharged, with costs.